**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CLINTON L. MOORMAN, JR.,**

        **Plaintiff,**

**-vs-**          **Case No. 6:07-cv-817-Orl-28DAB**

**ORANGE COUNTY, FLORIDA,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **May 16, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff seeks to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's Amended Complaint in this case and four others[1] identically lists a litany of "Legal Terms" (*e.g.* "Enjoin-Injunction-Collateral Estoppel-Evidence . . .") with no explanation whatsoever

---

[1] Plaintiff has filed a total of five lawsuits along with this one. *See* Case Numbers 6:07cv804 through 07cv807 & 07cv817. The Amended complaint in the other actions are identical to the one filed herein, though naming different defendants in each case.

as to how these random terms, which include such varied concepts as "mens rea," "accord and satisfaction" and "community property," relate to any purported cause of action. The last page of the Legal Terms, however, includes the request: "I want all monitoring records of my stay on the 2nd floor psyche ward while at Tampa VA Hospital" for damages of "$100 zillion or unlimited." Plaintiff also makes reference to having his privacy invaded. Doc. No. 3.

Plaintiff's Complaint does not describe any facts, and merely identifies the Defendant as "Orange County" and does not describe the connection of the Defendant to these matters. To the extent Plaintiff is seeking medical records from the VA hospital in Tampa, he has not plead any factual basis connecting this Defendant to the VA hospital, any legal basis giving this Court jurisdiction over this request, nor any basis to establish venue in this division. To the extent this is a tort case under state law, his remedy must lie for any such tort claim with the state courts which have general jurisdiction to hear tort cases.

To the extent the Defendant is a governmental entity, Plaintiff fails to plead a factual or legal basis for a cause of action cognizable within the limited subject matter jurisdiction of this Court. To the extent it may be inferred that Plaintiff is attempting to state a cause of action under 42 U.S.C. § 1983, the Complaint fails to contain any factual support for such a claim. "To impose Section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th. Cir. 2004), *citing City of Canton v. Harris,* 489 U.S. 378 at 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The instant Complaint fails to state a claim for § 1983 as all of these required elements are missing.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file a second amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if he fails to file an amended complaint in compliance with these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy